IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND LAWRENCE HAMLETT,

      **Plaintiff,**

vs.                                                                     Civ. No. 15-725 RB/JFR

**ANDREW SAUL, Commissioner of**
the Social Security Administration,

      **Defendant.**

## ORDER GRANTING MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum ("Motion"), filed July 16, 2020. (Doc. 34.) The Commissioner does not oppose this motion. (*Id.* at 2.) Having considered the Plaintiff's Motion, and the relevant law, the Court finds Plaintiff's Motion is well taken and is **GRANTED**.

**I.**     **Background**

On August 18, 2015, Plaintiff instituted an action in this Court seeking judicial review of his denied claims for disability and supplemental security income benefits. (Doc. 1.) Once the matter was fully briefed, the Court granted Plaintiff's Motion to Remand and the matter was remanded to the Social Security Administration ("SSA") for rehearing. (Doc. 29.) Plaintiff subsequently filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), which the Court granted, and he was awarded $5,668.64 in attorney fees.[1] (Docs. 31; 32.)

---

[1] Plaintiff states that this amount was subject to an offset under the Treasury Offset Program and no EAJA fees were received. (Doc. 34 at 2.)

On remand, the ALJ issued a fully favorable decision dated December 5, 2019, finding that Plaintiff has been disabled since June 24, 2012. (Doc. 34-1 at 10.) A Notice of Award was subsequently sent to Plaintiff on July 7, 2020, stating that the SSA had withheld $17,478.00 to cover Plaintiff's attorney fees. (*Id.* at 16.) Plaintiff noted that the SSA awarded his counsel a fee of $6,000, which reflected the fee contract he entered into with counsel for work performed before the Administration. (Doc. 34 at 5.) However, he entered into a separate contingency fee contract for legal services in the United States District Court, and he now seeks an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,478.00 for the work his counsel performed before this Court. (*Id.* at 5–6.)

## II.     Legal Standard

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. See 42 U.S.C. § 406(a), (b).

For representation before the SSA, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant . . . ." 42 U.S.C. § 406(a). There is no express limit to the fees an attorney may seek and receive in a petition; the Commissioner must only "fix . . . a reasonable fee," *id.*, while considering several factors. *See* 20 C.F.R. § 404.1725(b) (2015) (outlining the factors); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (explaining the fee petition process). For fees

received pursuant to a fee agreement for work before the SSA, attorneys may currently receive a maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 402(a)(2)(A).[2]

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 402(a)(1)(A). Separate awards of attorney fees for representation before the SSA and in court – for example, fees pursuant to the EAJA and § 406(b) – are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936–38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2.

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case

---

[2] Although the statute initially set a maximum amount of $4,000, it also gives the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009).

was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## III.     Reasonableness Determination

Plaintiff's counsel's fee request is reasonable. First, Plaintiff's counsel filed the fee request within a reasonable time. The Notice of Award is dated July 7, 2020, and Plaintiff filed the fee request on July 17, 2020. Second, the fee agreement entered into between Plaintiff and the Michael Armstrong Law Firm entitles it to no more than 25% of all past-due benefits, and the fees sought do not exceed the amount agreed to and permitted. Third, there is no evidence that counsel delayed in the proceedings before this Court. Fourth, counsel's representation was more than adequate and yielded a fully favorable decision. Last, counsel's fee request of $11,478.00 is not disproportionately large in comparison to the amount of time spent on the case (33.5 hours or $342.63 per hour) and is in line with other awards authorized in this District under 406(b). *See*, *e.g.*, *Lopez v. Colvin*, Civ. No. 14-735 KK, Order Gr. Mot. for Att'y Fees (awarding $11,911.50 for 30.75 hours or $387.37 per hour) (D.N.M. Dec. 19, 2016); *Newman v. Colvin*, 13-914 LH/KK, Order Gr. Mot. for Att'y Fees (awarding $10,408.00 for 34.84 hours or $298.74 per hour) (D.N.M. July 1, 2016); *Recio v. Colvin*, No. 13-828 WPL, Order Gr. Mot. for Att'y Fees (awarding

$9,968.00 for 30.75 hours or $324.16 per hour) (D.N.M. Dec. 16, 2015); *Martinez v. Colvin*, Civ. 12-1181 JCH/KBM, Order Gr. § 406(b) Att'y Fees (awarding $11,666.50 for 37.4 hours or $311.84 per hour) (D.N.M. Dec. 10, 2015). Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion (Doc. 34) is **GRANTED**. The Court hereby authorizes **$11,478.00** in attorney fees for legal services rendered in the United States District Court, to be paid by the Social Security Administration.

**IT IS FURTHER ORDERED** that counsel need not refund the previously ordered EAJA award in the amount of $5,668.64, as this amount was offset under the Treasury Offset Program and was never received. (*See* Doc. 34 at 2.)

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE